Alvin Hawkins, J.,
delivered the opinion of the Court.
S. M. McElroy and John V. McKinney were partners in the drug business in Fayetteville, and as such, transacted business under - the firm name of McElroy & McKinney.
The firm was dissolved and notice thereof given by publication in a newspaper, published in the town, on the 11th day of February, 1858.
On the 2d day of December, 1858, McKinney executed a promissory note, in the name of the firm, to one Robert McMillan, due one day after date, for $400, borrowed money, bearing interest at the rate of ten pet cent.
On the 22d of December, 1859, Melear paid to McMillan, at the business desk of McKinney, -and ill his *142 presence, $400 upon said note, and the ' same was credited upon the note.
One George B. Boyles was appointed by the members of said firm, in October, 1859, sole agent to wind up the business thereof, and as such, took into his possession the books and papers of the firm.
On the 30th of January, 1860, Boyles settled with McMillan, and paid him the interest then due upon the note, and took up the same. A portion of this payment was in an account in favor of the firm, against McMillan.
McKinney died, and this suit is brought by Melear against McElroy, the surviving partner, to recover the money paid by him to McMillan, on the 22d day of December, 1859.
There wras verdict and judgment in the court below in favor of the plaintiff below. A motion for a new trial having been overruled, the defendant below has appealed in error to this court.
Various grounds of error have been assigned in argument.
It is insisted Melear cannot recover, because the note upon which the money was paid contained upon its face an illegal stipulation, to-wit: the payment of ten per cent. ■ interest.
■ We think there is nothing in this objection. Melear’s right to recover does not depend upon the validity of the note, or the right of McMillan to enforce the collection of the money; but upon the fact that the payment was made by him at the instance of the makers of the note, *143 and for their use. And it can make no difference to him whether the claim of McMillan against the firm was just or unjust, valid or invalid, so the payment itself was not in violation of law.
Another ground of error relied upon, is, that the Circuit Judge erred in excluding certain testimony offered by the defendant below. "We think this objection cannot be maintained.
Boyles, the agent, was examined as a witness for the defense.
After proving the settlement with McMillan, and the payment by himself of the balance due upon the note, the defendant’s counsel asked the Court “to allow the witness to state the circumstances under which the said payment was made;” which the Court refused to do.
It. was certainly competent for the defendant, after proof of the settlement and payment, to prove circumstances constituting part of the res gestee, for the purpose of explaining the transaction.
But no question was propounded the witness, nor is it otherwise indicated that the circumstances which the Court was asked to allow the witness to detail, constituted part of the transaction, or were relevant to the issue. .
Nor can we see that the action of the Court, even if it were erroneous, was error affecting the merits of the controversy, or that the plaintiff in error was prejudiced thereby.
The note in this case, was executed by McKinney' in the name of the firm, after the firm was dissolved, and *144 When, from all that appears in this record, he had no power to bind the firm thereby.
There is no proof whatever in the cause, showing, or tending to show, that MeElroy ever, at any time before the commencement of this suit, had any knowledge of the execution of the note, or of the existence of the debt; or in any manner ratified the act of McKinney, Or that the money was borrowed for the use of the firm, Or that the firm ever, in any manner, received any benefit from the same.
McKinney having no power to bind the firm, before MeElroy can be made liable, it must be shown that he has in some manner, ratified the act. That being shown, it would then become the debt of the firm, and this ratification may have been before or after the payment by Melear.
If MeElroy has ratified the act of McKinney since the payment by Melear, at the instance of McKinney, then he would be liable; but, as already stated, there is no evidence in this record of such ratification.
The agency of Boyles was “to wind up the business of the firm;” and, as agent for this purpose, he had ño power to create debts, and hence could not, by any act he could perform, ratify the unauthorized act of One .of the partners, so as to make it binding upon the óther.
And there is no evidence in the case tending to show that MeElroy ever had any knowledge of, or acquiesced in, the act of the agent in paying the balance due upon the note and taking up the same.
*145 We are, therefore, of the opinion there is no evidence to support the verdict, and that the Circuit Court erred in refusing a new trial.
Let the judgment be reversed, and the cause remanded.